UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARKEY ANTONIO GOLDSTON,

      Petitioner,

v.                                        CIVIL ACTION NO. 5:24-cv-00664

W. HOLZAPHEL,
*Warden, FPC Beckley*,

      Respondent.

## ORDER

Pending are Petitioner Markey Goldston's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1], filed November 18, 2024, and Respondent W. Holzaphel's [sic] Motion to Dismiss Petition [ECF 9], filed October 1, 2025.

This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Reeder filed his PF&R on May 8, 2026. Magistrate Judge Reeder recommended the Court grant the Respondent's Motion to Dismiss, deny Mr. Goldston's Petition for a Writ of Habeas Corpus, and dismiss the matter.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 26, 2026. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**ECF 12**], **GRANTS** the Motion to Dismiss [**ECF 9**], **DENIES AS MOOT** the Petition for a Writ of Habeas Corpus [**ECF 1**] and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:        June 1, 2026

Frank W. Volk
Chief United States District Judge

---

[1] On May 8, 2026, a copy of the PF&R was mailed to Mr. Goldston at Beckley Federal Correctional Institution but was returned as undeliverable on May 18, 2026. [ECF 13]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Goldston was released from custody on March 18, 2025. Inasmuch as Mr. Goldston has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ready for adjudication.

2